# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS VASQUEZ,
       Plaintiff,

v.                                           Case No. 16-CV-1322

BUREAU OF HEALTH SERVICES,
JOHN SCHETTLE, BELINDA SCHRUBBE,
BARBARA DE LAP, CYNTHIA THORPE,
LINDA ALSUM, MARK JENSEN,
and JOHN AND JANE DOES,
       Defendants.

## SCREENING ORDER

The plaintiff, Luis Vasquez, who is incarcerated at the Waupun Correctional Institution, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. Plaintiff has paid the full filing fee. This case comes before me now for an initial review of the complaint, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a).

Upon an initial review of a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, I must identify cognizable claims and dismiss the complaint, or any part of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(a), (b)(1)–(2). To state a cognizable claim, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).

Plaintiff alleges that defendant Dr. Schettle failed to timely treat his chronic tooth pain, resulting in extended periods of unnecessary pain and suffering, as well as the loss of his tooth. He also alleges that Dr. Schettle lied to the institution complaint examiner after plaintiff filed a formal grievance and that Dr. Schettle fabricated dates on plaintiff's dental records to cover up the treatment delays.

Plaintiff alleges that Waupun Correctional Institution has inadequate dental staffing based on the number of inmates there. He sues the Wisconsin Department of Corrections' Bureau of Health Services for "municipal liability" based on this staffing deficiency, which allegedly resulted in the constitutional deprivation. Plaintiff further alleges defendant Schrubbe failed to respond to his informal grievance after the incident. He also alleges that defendants De Lap, Alsum, and John or Jane Doe Warden failed enforce or ensure compliance with dental policies and procedures. Plaintiff seeks monetary damages, injunctive relief, and declaratory relief.

Plaintiff's allegations state an Eighth Amendment medical care claim against Dr. Schettle in his individual capacity. Plaintiff does not, however, state claims against the other defendants in their individual capacities because they are not alleged to have

2

been personally involved in plaintiff's allegations. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). There is no *respondeat superior* (supervisor) liability under § 1983. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

Plaintiff also advances an official capacity "municipal liability" claim against the Bureau of Health Services. However, the Bureau of Health Services is a state agency and, as such, is not subject to suit under § 1983. *See Walker v. Zunker*, 30 F. App'x 625, 628 (7th Cir. 2002).

On the other hand, plaintiff may proceed on his official capacity claims against defendants De Lap, Alsum, and John or Jane Doe Warden at this stage, because he is pursuing injunctive relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (official capacity claims against state officials seeking injunctive relief are permissible under § 1983).

In sum, plaintiff may proceed on an Eighth Amendment claim against Dr. Schettle in his individual capacity, and he may proceed on an Eighth Amendment claim against De Lap, Alsum, and John or Jane Doe Warden in their official capacities. I will dismiss the Bureau of Health Services, Belinda Schrubbe, Cynthia Thorpe, and Mark Jensen.

Finally, plaintiff will need to use discovery to identify the John or Jane Doe defendant. Once the named defendants file their answer to the complaint, the court will issue a Scheduling Order setting deadlines for identifying the Doe defendant, for the completion of discovery, and for filing dispositive motions. Plaintiff should not start the discovery process until after the defendants file their answer.

3

**THEREFORE, IT IS ORDERED** that defendants Bureau of Health Services, Belinda Schrubbe, Cynthia Thorpe, and Mark Jensen are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within 60 days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of the institution where the inmate is confined.

**IT IS ALSO ORDERED** that the Clerk's Office mail plaintiff a *pro se* guide, Answers to Prisoner Litigants' Common Questions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The plaintiff is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge